UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cr-00501-SRC ) |
| BOBBY LEE JONES, | ) ) |
| Defendant. | ) ) |

**<u>Order</u>**

Bobby Lee Jones moves to suppress evidence and to sever the indictment. Docs. 84, 158. The Court referred Jones's motions to United States Magistrate Judge Stephen R. Welby. *See* 28 U.S.C. § 636(b). Judge Welby issued a Report and Recommendation, recommending that the Court deny Jones's Motion to Suppress, doc. 84, but grant Jones's Motion to Sever, doc. 158. Doc. 175. Judge Welby also advised Jones that he had 14 days, or until July 31, 2025, to file objections to the R&R, which Jones did not file. *Id.* at 14 (The Court cites to page numbers as assigned by CM/ECF.).

Jones argues that the Court must suppress all evidence seized, and statements made, because the stop of the rental car and his detention "was in violation of the Fourth Amendment to the United States Constitution and was without probable cause or reasonable suspicion." Doc. 84 at 3. The United States argues that, because Jones was a passenger, he does not have standing to challenge the search, and even if he did, law enforcement could conduct a protective sweep under the Fourth Amendment based on the totality of the circumstances. Doc. 134 at 3–8. Judge Welby found that Jones lacked standing because he failed to meet his "burden of establishing he had a reasonable expectation of privacy in the rental car by introducing evidence showing he was in lawful possession and control of the vehicle." Doc. 175 at 7. Judge Welby also found that law enforcement's "protective sweep of the rental car was justified under the Fourth Amendment

because, considering the totality of the circumstances, the officers had objectively reasonable concerns for officer safety and a suspicion of danger." *Id.* at 13.  The Court agrees with Judge Welby's conclusions and denies Jones's Motion to Suppress, doc. 84.

Jones next argues that the Court must sever count one of the indictment from the remaining counts against him.  Doc. 158.  Count one charges Jones with knowingly and intentionally distributing fentanyl in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Docs. 1–2.  The indictment also provides that P.B.'s death resulted from the use of the fentanyl that Jones distributed, making the offense punishable under 21 U.S.C. § 841(b)(1)(C).  *Id.*  Jones claims that the Court should sever count one, because it "arises from distinct events occurring on different dates and involving separate alleged conduct, witnesses, and evidence" than the other counts.  Doc. 158 at 1.  The United States has no objection to severing count one from counts two, three, four, five, six, and seven, "*if* [Jones] proceeds to a jury trial."  Doc. 171 at 1.  The United States believes the remaining counts are properly joined.  *Id*.  Judge Welby agrees that count one "arises from different events occurring on different dates with different evidence than the remainder of the counts."  Doc. 175 at 14.  Additionally, Judge Welby believes that "[e]vidence pertaining to [count one] may prejudice [Jones] on the reminder of the counts charged."  *Id.*  Judge Welby therefore recommends granting Jones's Motion to Sever, doc. 158.  *Id.*  The Court agrees with Judge Welby's and grants Jones's Motion to Sever, doc. 158.

After careful consideration, the Court sustains, adopts, and incorporates Judge Welby's [175] Report and Recommendation, denies Jones's [84] Motion to Suppress Evidence, and grants Jones's [158] Motion to Sever.

So ordered this 10th day of September 2025.

*[signature: SLR.CC]*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE